UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., a minor child by and through his Guardian Ad Litem, Alfonso Galindo, Jr.; and R.G., a minor child by and through her Guardian Ad Litem, Alfonso Galindo, Jr.,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.: 23-CV-745 JLS (KSC)<br><br>**ORDER ON *DAUBERT* MOTIONS AND MOTIONS *IN LIMINE***<br><br>(ECF Nos. 41, 42, 43, 44) |

Presently before the Court are Plaintiffs A.G.'s and R.G.'s ("Plaintiffs") and Defendant United States of America's ("Defendant" or "United States") *Daubert* Motions and Motions *in Limine* (ECF Nos. 41, 42, 43, 44). The Court heard oral argument on September 25, 2025, and thereafter took the Motions under submission. Having carefully considered the Parties' arguments, the evidence, and the law, the Court rules as follows.

/ / /

/ / /

/ / /

/ / /

# BACKGROUND

## I. Factual Background

Plaintiffs are two young siblings who live in a single-family home with their dog, Pupa. ECF No. 1 ("Compl.") ¶¶ 4–5, 8–9. A gate and an exterior garage door stand side by side in front of Plaintiffs' home. *Id.* ¶ 8. The front gate opens to an enclosed patio where Plaintiffs play. *Id.* Mail carriers need not pass through the front gate into Plaintiffs' patio to deliver mail, as Plaintiffs' mailbox sits between the garage door and the exterior side of the gate. *Id.* ¶¶ 8, 10. During the relevant time period, Plaintiffs' mail was delivered by United States Postal Service ("USPS") mail carrier Nestor Medina ("Medina"). *Id.* ¶ 9. At times, Pupa approached the "interior side of the front gate" when Medina neared Plaintiffs' home; Pupa would bark at Medina but could not get through the gate. *Id.* ¶ 10. Plaintiffs allege that on these occasions, Medina used pepper spray on Pupa before reaching Plaintiffs' mailbox.[1] *Id.* After Pupa retreated, Medina would deliver Plaintiffs' mail and move on. *Id.*

Plaintiffs allege that Medina repeated the above actions "numerous" times. *Id.* After each occasion, pepper spray residue lingered in Pupa's fur. *Id.* ¶ 11. Plaintiffs, who spent significant time with Pupa every day, allege that they ended up "touch[ing] and breath[ing] in" the residual chemicals. *Id.* These episodes began in the summer of 2018. *Id.* ¶ 9. Around the same time, Plaintiffs both developed symptoms of respiratory illnesses, including shortness of breath and coughs. *Id.* ¶ 12. Multiple medical appointments failed to uncover the cause of Plaintiffs' symptoms. *Id.* Plaintiffs allege that Medina continued pepper spraying Pupa until February 2019, when Plaintiffs' family caught him in the act on a home surveillance video. *Id.* ¶ 13. Medina stopped delivering Plaintiffs' mail after his behavior was reported to the USPS. *Id.* ¶ 14.

/ / /

---

[1] At the September 25, 2025, hearing, Defendant stated its position is that Medina never pepper-sprayed Plaintiffs' dog. *See* ECF No. 47 at 2.

## II. Procedural Background

Plaintiffs initiated this action on April 21, 2023. *See* Compl. Plaintiffs asserted one claim for negligence against the United States and USPS pursuant to the Federal Tort Claims Act ("FTCA"). *See generally id.* On October 30, 2023, the Court granted in part and denied in part Defendant's Motion to Dismiss. *See* ECF No. 10. Specifically, the Court (1) denied Defendant's motion for lack of subject matter jurisdiction; (2) denied Defendant's motion for failure to state a claim; (3) granted Defendant's motion to dismiss USPS as a defendant in the action; and (4) granted Defendant's motion to dismiss Plaintiffs' prayers for prejudgment interest and costs incurred in the suit. *Id.* at 29–30.

Following discovery, the Parties filed the present motions. On July 24, 2024, Defendant filed a Motion to Exclude Purported Expert Testimony of James I. Dudley ("Dudley Mot.," ECF No. 41) and a Motion to Exclude Purported Expert Testimony of Dr. Sean S. Kohles ("Kohles Mot.," ECF No. 42). On the same day, Plaintiffs filed a Motion *in Limine* to Exclude Report and Testimony of Dr. Daniel Lesser ("Lesser Mot.," ECF No. 43) and a Motion *in Limine* to Exclude Children's Deposition Testimony ("Dep. Mot.," ECF No. 44). The Parties filed their respective responses on August 28, 2025. *See* ECF No. 47 ("Dudley Opp'n"); ECF No. 46 ("Kohles Non-Opp'n"); ECF No. 45 ("Lesser Resp."); ECF No. 49 ("Dep. Opp'n"). On September 4, 2025, Defendant filed replies in support of its motions. *See* ECF No. 51 ("Dudley Reply"); ECF No. 52 ("Kohles Reply"). Also on September 4, 2024, Plaintiffs filed a reply in support of their Motion *in Limine* to Exclude Children's Deposition Testimony. *See* ECF No. 53 ("Dep. Reply"). Plaintiffs did not file a reply in support of their Motion *in Limine* to Exclude Report and Testimony of Dr. Daniel Lesser. *See generally* Docket.

## LEGAL STANDARDS

### I. Admissibility of Expert Testimony

The standard for expert testimony relevant here is set forth in Federal Rule of Evidence ("Rule") 702, as interpreted by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny. Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. *Daubert* and subsequent cases have interpreted Rule 702 as requiring that evidence be both relevant and reliable. 509 U.S. at 589–95. As the Ninth Circuit explained:

> Under Daubert and its progeny, including *Daubert II* [*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir.1995)], a district court's inquiry into admissibility is a flexible one. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted). "[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at 564 (quoting *Daubert*, 509 U.S. at 597[]). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969. Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969–70.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043–44 (9th Cir. 2014). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *Id.* at 1044.

## II. Motions *in Limine*

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's Law Dictionary 803, 1038–39 (8th ed. 2004)). "A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial." *Gwen H. v. Foreman*, 766 F. Supp. 3d 976, 980 (C.D. Cal. 2025) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41–42.

## DEFENDANT'S MOTIONS

### I. Defendant's Motion to Exclude Purported Expert Testimony of James I. Dudley

Defendant's first motion seeks to exclude the expert testimony of James I. Dudley ("Mr. Dudley"). Mr. Dudley has thirty-two years of experience in law enforcement and has served as a police officer, Sergeant, Lieutenant, Captain, Commander, and Deputy Chief. ECF No. 41-1 ("Dudley Rep.") at 5. In these roles, he conducted civil and criminal investigations. *Id.* Mr. Dudley also researches and teaches on issues related to law enforcement and criminal justice. *Id.* at 6.

Defendant argues the Court should exclude (1) Mr. Dudley's Opinion Regarding Whether Medina Sprayed Plaintiffs' Dog (Opinion One) and Mr. Dudley's "Incident Summary"; (2) Mr. Dudley's Opinions Regarding Harm to Plaintiffs (Opinion Two); and (3) Mr. Dudley's Opinions Regarding Negligence (Opinions Three to Six).

### A. Opinion One and "Incident Summary"

In Opinion One, Mr. Dudley concludes that Medina sprayed Plaintiffs' dog at the gate entrance to their home. Dudley Rep. at 13. Mr. Dudley arrives at this conclusion based on video footage of Plaintiffs' home captured by their home security system, *see* Dudley Opp'n, Ex. A, Ex. B, showing Medina delivering mail to Plaintiffs' home and spraying pepper spray at their dog. Dudley Rep. at 14. Mr. Dudley also provides an "Incident Summary" summarizing the "[t]imeline of events" based on the video footage provided to him by Plaintiffs. *Id.* at 7–10.

Defendant argues that this opinion is inadmissible under Rule 702(a) because his report provides no insight into any facts that are "outside common understanding." Dudley Mot. at 6. Defendant asserts that "Mr. Dudley simply watched video—the same video the Court will watch at trial—to reach his opinion that Medina sprayed Plaintiffs' dog." *Id.* at 1. Plaintiffs respond that the "specialized nature of pepper spray" and the "surreptitious manner in which Medina used the spray" require expert testimony, and that "[Mr.] Dudley provides specialized knowledge about pepper spray to better understand what we see in the photos and video footage." Dudley Opp'n at 2–4.

Defendant replies that Plaintiffs have not established that Mr. Dudley is qualified to opine on "whether and when Medina discharged pepper spray," and that expert testimony is not required since "the Court is capable of reaching conclusions as to what the videos and photographs depict." Dudley Reply at 3.

Under Rule 702(a), expert testimony "assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing *Daubert*, 509 U.S. at 591). Thus, courts generally exclude expert testimony that merely narrates and describes video footage; such testimony is considered unhelpful, as the trier of fact can watch the video footage themselves and draw their own conclusions. *See, e.g.*, *Qualey v. Pierce Cnty.*, No. 3:23-CV-05679-TMC, 2025 WL 254810, at *4 (W.D. Wash. Jan. 21, 2025) (collecting cases).

The Court finds that Mr. Dudley's opinion fails to satisfy Rule 702(a). Even if true that Mr. Dudley possesses expertise as to the use of pepper spray, his conclusion that Medina sprayed the pepper spray, formulated based on watching the video footage of Plaintiffs' home, does not require expert testimony because it is not "beyond the common knowledge of the trier of fact." *Finley*, 301 F.3d at 1008. One need not know anything about the "specialized nature" of pepper spray to watch the video footage and determine whether Medina sprayed pepper spray at Plaintiffs' dog.[2]

Mr. Dudley's Opinion One and Incident Summary do not otherwise provide any helpful insight into the "specialized nature" of pepper spray. *See* Dudley Rep. at 7–17. Instead, his Opinion One and Incident Summary largely provide a play-by-play summary of the video footage, concluding that the video footage shows Medina spraying Plaintiffs' dog. *See id.* Rather than assist the trier of fact, such testimony would substitute the role of factfinder, and Plaintiffs do not cite any persuasive authority suggesting otherwise. *See* Dudley Opp'n; *Qualey*, 2025 WL 254810, at *5 (experts may not "offer their subjective opinion on what facts the videos 'show' or do not show"); *Jones v. City of Los Angeles*, No. 2:20-CV-11147-FWS-SK, 2023 WL 2559230, at *3 (C.D. Cal. Feb. 24, 2023) (expert's opinion "regarding his mere observations drawn from the video evidence would be unhelpful to the jury, because the jurors can watch the videos for themselves and make their own factual determinations."); *A.B. v. Cnty. of San Diego*, No. 18CV1541-MMA-LL, 2020 WL 4430971, at *2 (S.D. Cal. July 31, 2020).

Accordingly, the Court **GRANTS** Defendant's Motion as to Mr. Dudley's Opinion One and Incident Summary.

///

---

[2] At the September 25, 2025, hearing, Plaintiffs stated that Mr. Dudley's testimony would be helpful to explain the "component pieces"—including how far pepper spray sprays, how long pepper spray remains on the ground, and how much pressure is required to discharge pepper spray—of the factual issue of whether Medina sprayed pepper spray at Plaintiffs' dog. Plaintiffs also stated that they agree Mr. Dudley's testimony would not be helpful if the Court is comfortable with the facts. The Court is indeed comfortable with the facts and is not persuaded that expert testimony would be helpful in this instance.

### B. Opinion Two

In Opinion Two, Mr. Dudley opines that Medina's pepper spraying caused harm to Plaintiffs' dog and subsequently to Plaintiffs. Dudley Rep. at 17. Defendant argues that this opinion is inadmissible under *Daubert*, as it is based on "speculation with no discernable methodology." Dudley Mot. at 9. Plaintiffs respond that Mr. Dudley will not opine on whether the pepper spray caused physical harm to Plaintiffs. Dudley Opp'n at 6. Accordingly, the Court **GRANTS** Defendant's Motion as to Opinion Two, as it is reasonable and unopposed.

### C. Opinions Regarding Negligence (Opinions Three to Six)

In Opinions Three through Six, Mr. Dudley offers opinions as to whether USPS was negligent in training, supervising, establishing policies and procedures as to dealing with animals while delivering mail, and implementing reporting procedures for the use of chemical spray or other force by an employee. Dudley Rep. at 22–27.

Defendant argues these opinions should be excluded because they are (1) irrelevant; (2) improper legal conclusions; and (3) barred by the FTCA's discretionary function exception. Dudley Mot. at 9–14. Plaintiffs respond that Mr. Dudley will not opine on the ultimate issue of negligence, but that his opinions as to USPS's negligence should be admitted. Dudley Opp'n. at 6. Specifically, Plaintiffs argue they are "entitled to introduce evidence and opinion regarding lack of oversight and unfettered access to supply" *if* Defendant argues at trial that Medina's "use of pepper spray would not have been feasible due to oversight and constraints on supply" by USPS. *Id.* at 5.

Defendant replies that it does not intend to argue at trial as to Medina's "access [to] any particular amount of pepper spray." Dudley Reply at 4. Defendant also contends that Mr. Dudley's opinions "consist of nothing more than Mr. Dudley's summary of evidence he reviewed," and that Mr. Dudley is otherwise unqualified to opine on USPS's oversight over the use of pepper spray by its employees. *Id.*

The Court agrees with Defendant that Mr. Dudley's opinions about *USPS*'s negligence are not relevant to whether *Medina* acted negligently. *See City of Pomona*, 750

F.3d at 1043–44. Nowhere in the Complaint do Plaintiffs allege that USPS negligently supervised or trained Medina, nor do they allege that USPS had inadequate policies and procedures as to supervising or training employees about dealing with animals when delivering mail or the use of chemical sprays. *See generally* Compl. Moreover, Plaintiffs assert they are entitled to admit Mr. Dudley's testimony only if Defendant plans to argue as to USPS's oversight—and Defendant contends it does not. *See* Dudley Mot. at 5; Dudley Reply at 4.

Additionally, Mr. Dudley's opinions as to USPS's negligence constitute improper legal conclusions. *See United States v. Tamman*, 782 F.3d 543, 552–53 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.") (first citing Fed. R. Evid. 702(a); and then citing *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992)); Dudley Rep. at 22–27 (opining that USPS was "negligent"). However, the Court rejects Defendant's argument that Mr. Dudley's opinions should be excluded based on the FTCA's discretionary function exception, given that Plaintiffs have not brought negligence claims related to USPS's training, supervision, or policies and procedures. *See* Dudley Mot. at 12–14.

Nevertheless, Mr. Dudley's opinions regarding negligence lack relevance to Plaintiffs' claim under the FTCA and constitute improper legal conclusions. Accordingly, the Court **GRANTS** Defendant's Motion as to Mr. Dudley's Opinions Three through Six regarding negligence.

### D. Conclusion

In sum, the Court **GRANTS** Defendant's Motion to Exclude Purported Expert Testimony of James I. Dudley (ECF No. 41) as to the "Incident Summary" and Opinions One, Two, Three, Four, Five, and Six.

### II. Defendant's Motion to Exclude Purported Expert Testimony of Dr. Sean S. Kohles

Defendant's second motion seeks to exclude the expert testimony of Dr. Sean S. Kohles ("Dr. Kohles"), who is a biomechanical engineer, regarding the number and

frequency of pepper spray incidents and claimed harm to Plaintiffs and Plaintiffs' future damages. *See* Kohles Mot. Defendant argues that Dr. Kohles's opinion as to the number and frequency of pepper spray incidents is unreliable and inadmissible under Rule 702(a) because his report provides no insight into any facts that are "outside common understanding" and that Dr. Kohles is not qualified to give opinions about harm or future damages since he is not a medical professional. *Id.* at 6, 10.

Plaintiffs do not oppose Defendant's motion to exclude Dr. Kohles's testimony and submit that they will not introduce testimony from Dr. Kohles regarding the number of pepper spray incidents, claimed harm, and future damages. *See* Kohles Non-Opp'n.

Accordingly, the Court **GRANTS** Defendant's Motion to Exclude Purported Expert Testimony of Dr. Sean S. Kohles (ECF No. 42), as it is reasonable and unopposed. The Court will exclude Dr. Kohles's opinions regarding the number and frequency of pepper spray incidents and claimed harm to Plaintiffs and Plaintiffs' future damages.

## PLAINTIFFS' MOTIONS

### I.  Plaintiffs' Motion *in Limine* to Exclude Report and Testimony of Dr. Daniel Lesser

Plaintiffs' first motion seeks to exclude Dr. Daniel Lesser's ("Dr. Lesser") report and testimony under Rule 408. *See* Lesser Mot. Because Plaintiffs hired Dr. Lesser, who is a pediatric pulmonologist, for "the sole purpose of pre-lawsuit settlement discussion with Defendant," Plaintiffs argue it would be improper for Defendant to retain Dr. Lesser as an expert in this case. *Id.* at 6. Plaintiffs contend Dr. Lesser's Report, *see* ECF No. 43-3 ("Lesser Rep."), was "inextricably intertwined with the parties' settlement negotiations." Lesser Mot. at 5. Defendant responds that it no longer plans to call Dr. Lesser as a witness at trial and does not seek to introduce his report. Lesser Resp. at 1.

Accordingly, the Court **GRANTS** Plaintiffs' Motion *in Limine* to Exclude Report and Testimony of Dr. Daniel Lesser (ECF No. 43), as it is reasonable and unopposed.

/ / /

/ / /

### I. Plaintiffs' Motion *in Limine* to Exclude Children's Deposition Testimony

Plaintiffs' second motion seeks to exclude the deposition testimony of both R.G. and A.G. *See generally* ECF No. 44-2, Ex. A. ("R.G. Dep. Tr."); ECF No. 44-3, Ex. B ("A.G. Dep. Tr."). Plaintiffs argue that R.G. and A.G. were not competent to testify and that their deposition testimony makes clear they "did not have the capacity to perceive and recall the facts they were asked to testify about"; therefore, their deposition testimony is not admissible pursuant to California Evidence Code section 702. Dep. Mot. at 3.

Defendant opposes Plaintiffs' motion and argues that the testimony is not inconsistent or irrelevant, and that even if Plaintiffs offered inconsistent testimony, "such evidence goes to the weight of their testimony when the Court assesses their credibility at trial, not to their competency as witnesses." Dep. Opp'n at 1. Defendant also contends that Plaintiffs' testimony meets the test for witness competency under the California Evidence Code. *Id.* at 4–5.

Although Plaintiffs seek to exclude the entirety of R.G.'s and A.G.'s deposition testimony for lack of competency, Plaintiffs rely on California Evidence Code section 702—which addresses a witness's personal knowledge as to the facts to which they testify on a particular matter—rather than California Evidence Code section 701—which addresses a witness's competency to testify in the first instance. *See* Cal. Evid. Code §§ 701, 702. Plaintiffs thus improperly rely on section 702 and fail to meet their burden of proof or advance any arguments under section 701. *See People v. Anderson*, 25 Cal. 4th 543, 573 (2001) ("[A witness's][c]apacity to communicate, or to understand the duty of truthful testimony, is a preliminary fact to be determined exclusively by the court, [and] the burden of proof is on the party who objects to the proffered witness.").

Even construing Plaintiffs' analysis as relevant to section 701, the Court finds that both R.G. and A.G. are competent to testify as witnesses. A review of both R.G.'s and A.G.'s testimony show they were capable of expressing themselves and understood the duty of a witness to tell the truth. *See* R.G. Dep. Tr. 7:13–8:9 (correctly responding that it would be a lie if questioning attorney said they were wearing a red tie); A.G. Dep. Tr. 7:8–

8:5 (same); *People v. Sanchez*, 7 Cal. 5th 14, 31–32 (2019) (same, but regarding a blue shirt).

The Court further agrees with Defendant that any alleged inconsistencies in R.G.'s and A.G.'s testimony bear on credibility rather than competency. *See People v. Lopez*, 5 Cal. 5th 339, 352 (2018), *as modified on denial of reh'g* (Aug. 15, 2018) (citing *People v. Mincey*, 2 Cal. 4th 408, 444 (1992), *as modified on denial of reh'g* (May 27, 1992)) ("Inconsistencies in testimony and a failure to remember aspects of the subject of the testimony, however, do not disqualify a witness. They present questions of credibility for resolution by the trier of fact.") (citation modified); *see also Adamson v. Dep't of Soc. Servs.*, 207 Cal. App. 3d 14, 20 (Ct. App. 1988) ("[T]he fact that a very young witness makes inconsistent or exaggerated statements does not indicate an inability to perceive, recollect, and communicate or an inability to understand the duty to tell the truth.").

In sum, the Court finds that both R.G. and A.G. were competent to testify as witnesses pursuant to California Evidence Code section 701. Accordingly, the Court **DENIES** Plaintiffs' Motion *in Limine* to Exclude Children's Deposition Testimony (ECF No. 44).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Exclude Purported Expert Testimony of James I. Dudley (ECF No. 41), **GRANTS** Defendant's Motion to Exclude Purported Expert Testimony of Dr. Sean S. Kohles (ECF No. 42), **GRANTS** Plaintiffs' Motion *in Limine* to Exclude Report and Testimony of Dr. Daniel Lesser (ECF No. 43), and **DENIES** Plaintiffs' Motion *in Limine* to Exclude Children's Deposition Testimony (ECF No. 44).

**IT IS SO ORDERED.**

Dated: September 29, 2025

Hon. Janis L. Sammartino
United States District Judge